RICHARD ALLEN and another, trustees,

*vs.*

HENRY W. BUCKNAM.

Washington. Opinion July 31, 1883.

*Contract. Deed. Consideration. Payment of a lien.*

The defendant purchased land of C. upon which the plaintiffs, as trustees, claimed a lien for the payment of the sum sued for. The defendant promised both the plaintiffs and C. to pay for the land in part, by paying the amount of the alleged lien, and in consideration of that promise obtained the conveyance. *Held*, That whether the condition which is supposed to create the lien is valid or otherwise, is immaterial, and that the action will lie for the amount.

ON REPORT.

Assumpsit on account annexed, which was as follows :

"Henry W. Bucknam,

To Richard Allen and Abram Merritt,
Trustees of the Methodist Episcopal Church of
Columbia Falls, Dr.

For amount due for the rent or use of the farm known as the Methodist Church place or farm occupied by Hiram Coffin for many years and formerly owned by Louisa J. Bucknam and situated in Columbia Falls. $50 for the year 1880 and $50 for the year 1881 as per your agreement and promise, $100.00

Interest to date. 9.00

December 14, 1881. $109.00 "

The writ was dated December 14, 1881, and in it the defendant was summoned to answer unto "Richard Allen and Abram Merritt, trustees of the Methodist Episcopal church of Columbia Falls in said county." The plea was the general issue.

The defendant claimed title to the farm in question under a deed from Hiram Coffin, and Coffin's interest in the premises rested upon a devise in the will of Louisa J. Bucknam, probated November 8, 1853, which was in these words:

"*Fifth.* I give and bequeath to Hiram Coffin, his heirs, &c. the remainder of my homestead farm, all my right, title and interest in the same upon conditions, as follows, viz: That he pay annually the sum of fifty dollars to the Methodist E. church in Columbia village for the support of preaching the gospel, or if the said Hiram choose to pay the principal of which the above sum is the interest, all at one time, or in payments within, then my executors hereinafter named shall give a good and sufficient deed to the said Hiram Coffin, his heirs, &c. which shall be as good and binding as if given by me and the said principal it paid by said Hiram, shall be placed in the hands of trustees hereinafter named who shall put the same at interest as a fund forever, and the interest accruing from the same shall be expended for the support of preaching the gospel in the village of Columbia, as before requested. But if the said Hiram, or his heirs fail in any way to perform the conditions above named, then I give and bequeath the farm before named to the M. E. church, in Columbia village, to go into the hands of the trustees hereinafter named, and their successors who are to dispose of the same and put the proceeds at interest as a fund forever and the interest of said fund only shall be expended for the support of the gospel as before named."

After the evidence was out, the presiding justice said that he should instruct the jury that, if the farm was bought by defendant of Coffin, and he took Coffin's place with the consent of and agreement with the plaintiffs, he agreeing to take the land on the same conditions that Coffin had it and pay plaintiffs as before, that they would find a verdict for the plaintiffs.

Whereupon the defendant submitted to a default and the case was reported by agreement that if this ruling was incorrect, the default was to be taken off and the case stand for trial.

Other material facts stated in the opinion.

*William Freeman*, for the plaintiffs, cited: *Todd* v. *Tobey*, 29 Maine, 219 ; *Motley* v. *Manf. Ins. Co.* 29 Maine, 337 ; *Hinkley* v. *Fowler*, 15 Maine, 285 ; *Weeks* v. *Patten*, 18 Maine, 42 ; *Dearborn* v. *Parks*, 5 Maine, 81 ; *Rowe* v. *Whittier*, 21 Maine, 545 ; *Hilton* v. *Dinsmore*, 21 Maine, 410 ; *Huchinson* v. *Huchinson*, 46 Maine, 154 ; *Bassett* v. *Bassett*, 55 Maine, 127 ; *Long* v. *Woodman*, 65 Maine, 56 ; *Thomas* v. *Dickerson*, 2 Kernan, 365 ; *R. S. Lodge of Masons* v. *Buck*, 58 Maine, 426 ; 65 Maine, 406.

*Charles A. Bucknam and Charles Peabody*, for the defendant.

Unless the plaintiffs can show that they have dispossessed themselves of the premises and that the defendant is in possession of them by their permission, this action cannot be maintained. *Moshier* v. *Reding*, 12 Maine, 478 ; *Roxbury* v. *Huston*, 39 Maine, 312 ; *Page* v. *McGlinch*, 63 Maine, 472. For the ruling of the court assumes at least, a possessory right of plaintiffs in the premises.

Counsel in an able argument contended that the plaintiffs, if trustees, had no lien on the farm by virtue of the will of Louisa J. Bucknam, and that therefore, if the defendant made any promise to pay the plaintiffs anything it was without consideration. Many authorities were cited upon the question argued.

DANFORTH, J. After the evidence was out in this case, the presiding justice ruled, " that, if the farm was bought by the defendant of Coffin, and he took Coffin's place with the consent of and agreement with the plaintiffs, he agreeing to take the land upon the same conditions Coffin had it and pay the plaintiffs as before, " the plaintiffs would be entitled to a verdict. The defendant thereupon submitted to a default which is to stand if the ruling is correct, otherwise to be taken off.

This ruling is predicated upon and must be tested by the facts thus hypothetically stated. The evidence reported is clearly

sufficient to establish them as facts, but if not, the default by consent precludes any inquiry into their verity.

The conditions under which Mr. Coffin held the land in question, are imposed by the will of Louisa J. Bucknam; who devised the land to said Coffin upon the condition, "that he pay annually the sum of fifty dollars to the Methodist E. church of Columbia village, for the support of the preaching the gospel, or if the said Hiram choose to pay the principal of which the above sum is the interest," then he is to have an unconditional deed.

It is claimed in defence, that this was a devise of the land upon a condition subsequent, and that the condition is void as tending to a perpetuity, as well as for other reasons. But if it were so, how it affects this case is not apparent. The condition had been recognized and acted upon by the devisee for a long series of years. He chose still to recognize it when he sold the property and required as he had a right to do, a promise of the payment of the money in accordance therewith from the purchaser. The defendant gave that promise, both to the grantor and to these plaintiffs. It was by means of it that the consent of the plaintiffs and the deed from Coffin were obtained. The promise is the consideration for the conveyance, and the conveyance a consideration for the promise. If the condition is good, the defendant obtained all he bargained for; if not good, he obtained certainly no less. There would not, then, be any failure in the consideration for the promise. That consideration the defendant still retains. He has not been interrupted in his enjoyment of it, nor is it claimed or suggested that he can be. It is, therefore, the simple case of a purchase of land upon a promise to pay a certain sum of money therefor, which the promisor has neglected to fullfil. In such case, that an action will lie to recover the amount, is too well settled to leave room for doubt.

Nor has the objection to the want of authority on the part of the plaintiffs any better foundation. There is enough in the case to show *prima facie* their appointment as trustees. They are the acting trustees; had been recognized as such by Coffin,

as also by the defendant, and are the persons to whom the promise was made.

*Default to stand.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.